*(Circuit Court of Cook County. In Chancery.*

## Lefko

### vs.

## Lefko

(November 4, 1904.)

1. HUSBAND AND WIFE—DESERTION BY WIFE—WHAT CONSTITUTES. Where the wife orders the husband out of his home this constitutes a desertion by the wife even though in the eye of the law the husband is the master of the home and has a right to continue there against the will of the wife.

---

[1] *Duncan v. Louch*, 6 Q. B. 904, 14 L. J. Q. B. 185, 9 Jur. 346.

2. HUSBAND AND WIFE—DESERTION AS GROUND FOR DIVORCE. A solitary act of desertion is not ground for divorce. The desertion must be wilful and must continue for two years.

3. SAME—EVIDENCE OF DESERTION. Where the wife prosecutes the husband for abandonment, this is strong evidence that she did not intend to desert him.

4. SEPARATE MAINTENANCE—OFFER OF HUSBAND TO RETURN. Where a wife obtains a decree for separate maintenance upon a bona fide offer of the husband to live with her, the decree becomes null and void.

Bill for separate maintenance by wife, cross-bill by husband for divorce. Gen. No. 247,287. Heard before Judge Murray F. Tuley. The facts are stated in the opinion.

*Israel Cowen,* solicitor for complainant.

*C. M. Shabad,* solicitor for defendant and cross-complainant.

TULEY, J.:—

This case has taken considerable time to try, and a great deal of the testimony in the case appears to be of very little importance. It is impossible for the court to understand why these parties separated directly after marriage, continuing to live apart, one says by agreement and the other, the wife, denies it, and that after the court had decided that he had abandoned his wife and ordered him to pay her five dollars a week for one year and after he had paid it, conformably to the order of the court, they afterward agreed to live together, and did live together for a period of eighteen months.

So far as the evidence outside of the two parties is concerned, they lived together, probably as happily as ordinary married people do, people who are struggling to get the necessaries of life. Then occurred the separation between them, and upon that separation the charge of desertion is based by the husband in a bill filed in this court in January, 1904, charging wilful desertion by the wife for the period of two years.

The evidence as to many facts, many incidents in this case which rest entirely in the knowledge of the husband and wife, shows that they flatly contradicted each other and one

or the other has been guilty of a perversion of the truth; it is impossible to reconcile their testimony, the one with the other, but, admitting that the husband's side of the case as presented,—that the wife ordered him to leave the premises, was a justification for his going away and constituted an act of' desertion on her part—that would be true in the case of a husband ordering his wife out of his home, and I don't see why it would not be true in a case where the wife ordered the husband out of the home—I don't recollect any decision to that effect, because, in the eye of the law the husband is the master of the home, it is his home and he has a right to continue there against the will of the wife. Having the legal right is the reason why the law looks upon the act of the wife in leaving such home as being justifiable, but even admitting that was an act of wilful desertion on the part of the wife when she broke up housekeeping and ordered the husband not to come near her, the law does not say that a solitary act of desertion shall constitute a cause of divorce. It must be a wilful desertion and must continue for two years. If merely one act of desertion constituted cause for divorce, I would have very little to do except try divorce cases, because almost every case that come before me there are probably from three to a dozen acts of desertion that occur between the parties before the final one, which culminates in desertion for two years.

Now, the act of desertion here, did it continue and does it continue up to this time? What does the evidence show? If I am correct, immediately after the breaking up of the housekeeping in January, 1901, I think the complainant said as early as March or May,—he did not appear to recollect which,—she commenced proceedings against him for desertion for abandonment, that is, desertion on his part of his wife. She commenced as early as May 3rd. That case was heard and dismissed. She persisted, and I think on May 23rd, 1901, commenced a new suit against him for abandonment that met with the same fate. Then the next month, June, 1901, the third, a suit for abandonment that took place after the act of desertion complained of by the husband in January, 1901,

had taken place, and that also had the same order of dismissal, but finally, in a suit commenced in July, 1901, she obtained a judgment, and there is where the question arises —the court must assume that there was authority in the officer to act, that the laws of the state of New York justified action of that kind. We have a law of that kind. A proceeding was had, he appeared, he was found guilty of abandonment, and ordered to pay her $2.50 a week, which he paid up to November, 1902, practically the whole year, or very nearly the whole year.

Now, here was a weekly acquiescence in the condemnation of the court that he was guilty of abandoning his wife, and that he was under obligation to support her, and he did support her for a year. That brings us to November, 1902. From November, 1902, to January, 1904, is less than two years, so that the statute as to desertion would have commenced at that period. I do not see how an action for desertion under such circumstances can be maintained by the husband.

The evidence tends to show that notwithstanding the wife participated in this order, that he left the city of New York without her knowledge and came to Chicago; that she had to employ the police to hunt him up and when she found him he was here in Chicago, and she pursues him again, this wife that had deserted him, pursues him again for abandonment of her, his legal wife, here in Chicago.

If that does not show that so far as the wife was concerned she never had any thought of abandoning him or deserting her husband, I do not know how evidence could be made stronger. I don't see how there could be stronger evidence that she did not intend to desert him by the occurrences that took place in January, 1901.

She files her cross-bill, in which she claims she is living separate and apart from him without her fault. She also sets up that at the time they did live together that he deserted her in January, 1901, and that while they did live together, that he was cruel to her and specifies three different acts of cruelty. Everything connected with that is specific-

ally denied by the husband, and the evidence in support of it does not properly justify the court in saying that it is sufficiently proven to justify her in living separate and apart from him.

But she has no desire to live separate and apart from him. She brings her bill for separate maintenance, but if she gets her decree for separate maintenance, upon a *bona fide* offer of the husband to live with her, that decree would be null and void.

I find that she has been living separate and apart from him since January 19, 1901, at least since the commencement of the first suit which showed a desire to live with him as his wife, cohabiting with him, because she sued him for abandonment as early as May, 1902. From that time, I think the evidence shows that he refused to live with her and that she is living separate and apart from him.

Now, is it without her fault? Has she given him justification? I cannot see that she has, I cannot see the evidence of it. Is it a justification for the husband or is it the fault of the wife that she commences a suit for abandonment against her husband, follows him from month to month? Does it not show that she is only insisting upon her legal right to have him support her? The evidence tends to show that this woman kept her house nicely, she took care of her husband and I cannot see any reason unless there is hidden reason why this man could not live with this woman, unless there is some reason that is not apparent to the court. It looks a little bit to the court, as claimed by the wife, that he used all her money, did not support her and then failed to properly provide for her; even if he could not obtain the money she had a right to legal support. I cannot see that it is her fault that he is living separate and apart from her, and being without her fault, the decree will go for separate maintenance, $2.50 a week.

I will allow you $20 solicitor's fees, to be paid in sixty days and $10 taxed for depositions.